IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| Steven Cole, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-1292 |
| | ) | |
| Detective Shawn Meeks, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is now before the Court on Plaintiff Steven Cole's Motion to Reconsider Dismissal of Count of Second Amended Complaint Alleging Fabrication of Evidence. (Doc. 78). For the reasons set forth herein, the Court DENIES Plaintiff's Motion.

## PROCEDURAL HISTORY

On July 15, 2015, Plaintiff filed his Complaint against Defendants Shawn Meeks and the City of Peoria pursuant to 42 U.S.C. § 1983 and Illinois state law.[1] (Doc. 1). Plaintiff alleged that as a result of misconduct and abuse by law enforcement officials, he was wrongfully charged, prosecuted, and convicted of crimes he did not commit.

On January 26, 2016, Plaintiff filed his First Amended Complaint. (Doc. 31). In Count II, which is the subject of the instant Motion, Plaintiff alleged fabricated evidence was used to secure his wrongful conviction. *Id.* at pp. 12-13. On February 8, 2016, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 33). They argued, *inter alia*, that Count II should be dismissed because the alleged fabricated evidence was not used against Plaintiff at trial, nor did it

---

[1] The original Complaint was filed against Detective Shawn Meeks, Leigh Rittenhouse, Assistant State's Attorney Jodi Hoos (now Judge Hoos), State's Attorney Jerry Brady, the City of Peoria, and the Illinois Department of Children and Family Services. Only Meeks and the City of Peoria remain as Defendants.

1

deprive him of a fair trial. (*Id.* at p. 3, ¶ 7). On April 21, 2016, this Court dismissed Plaintiff's fabrication of evidence claim because Plaintiff failed to allege the false police reports were "introduced" or "admitted" at trial. (Doc. 38, pp. 17-18).

On December 1, 2016, Plaintiff filed a Second Amended Complaint and again alleged fabrication of evidence. (Doc. 48, pp. 14-15, ¶¶ 113-122). Plaintiff alleged the fabricated evidence was "used to indict and arrest" him, and "was indirectly used at trial" to secure his conviction. *Id.* Defendants again moved to dismiss Count II. (Doc. 51).

On January 27, 2017, this Court dismissed the fabrication claim with prejudice and stated a due process violation could only stem from the admission or introduction of the false police reports at Plaintiff's trial. (Doc. 54, p. 7). The Court relied on *Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012) and *Fields v. Wharrie*, 740 F.3d 1107 (7th Cir. 2014), which both held fabricated evidence supports a due process violation when introduced at trial. *Id.*

On November 27, 2017, Defendants filed a Motion for Summary Judgment. (Doc. 64). On September 28, 2018, the Court granted the motion on Plaintiff's withholding of exculpatory evidence claim and denied summary judgment on Plaintiff's state law malicious prosecution, *respondeat superior*, and indemnification claims. (Doc. 77).

On November 27, 2018, Plaintiff filed a Motion to Reconsider the Court's dismissal of its fabrication of evidence claim, which was dismissed on January 27, 2017. (Doc. 78). In short, Plaintiff argues new case law does not require false police reports be admitted at trial to establish a constitutional violation based on fabricated evidence and requests that Count II be reinstated. *Id.* at p. 3. On December 18, 2018, Defendants filed a Response. (Doc. 80).

On February 8, 2019, Defendants filed a Motion to Cite Additional Authority (Doc. 81). In their motion, Defendants ask the Court to consider *Lewis v. City of Chicago*, 914 F.3d 472 (7th

Cir. 2019), an opinion issued on January 23, 2019, which overruled *Hurt v. Wise*, 880 F.3d 831 (7th Cir. 2018). Plaintiff did not respond to the motion. On February 26, 2019, the Court granted Defendants' motion and considers *Lewis* as supplemental authority in support of Defendants' Response to Plaintiff's Motion to Reconsider.

## **LEGAL STANDARD**

Before considering Plaintiff's Motion to Reconsider, it is necessary to identify the authority for a motion to reconsider and what standard applies. Because a denial of a motion to dismiss is not a final judgment, a motion to reconsider that decision does not technically fall under Federal Rule of Civil Procedure 59(e), which addresses motions to alter or amend judgments. Nor does it fall within the language of Rule 60(b), which provides a procedure for seeking relief from a final judgment, order, or proceeding. Nonetheless, district courts have inherent power to reconsider non-final orders before entry of judgment under Rule 54(b). *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007). Rule 54(b) states that an order adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

A motion to reconsider "performs a valuable function" if (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

"Motions for reconsideration serve a limited function." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted). A party moving for reconsideration has a heavy burden. *Id.* at 1270. The Seventh Circuit has held that appropriate issues for reconsideration "rarely arise and the motion to reconsider should be equally as rare." *Bank of Waunakee,* 906 F.2d at 1191. It is not appropriate to use a motion to reconsider to relitigate arguments the Court previously rejected or to argue issues that could have been raised earlier. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

## DISCUSSION

Plaintiff moves the Court to reconsider the dismissal of his fabrication of evidence claim, asserting that *Hurt v. Wise*, 880 F.3d 831 (7th Cir. 2018), *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911 (2017), and *Patrick v. City of Chicago*, 2018 WL 3438942 (N.D. Ill. July 17, 2018), represent a significant change and/or clarification of the law. (Doc. 78, p. 8).

### I.   Plaintiff's Motion is Untimely and Unfairly Prejudices the Defendants.

When reviewing a motion to reconsider, the Court should consider if it was brought in a timely manner and whether the other parties would be unfairly prejudiced by granting the motion. Here, Plaintiff's Motion to Reconsider is untimely and highly prejudicial to Defendants. Plaintiff seeks reconsideration of an Order entered more than two years ago and provides no compelling explanation for the delay. A motion to reconsider filed several months after this Court's Order and after discovery has closed, dispositive motions have been filed, and a trial date has been set is untimely. *See Franzen v. Ellis Corp.*, 2004 WL 2535263, *4 (N.D. Ill. Sept. 15, 2004) (a motion filed several months after the court's order and after multiple other issues have been presented by the parties and addressed by the court is untimely).

The Court dismissed Plaintiff's fabrication of evidence claim on January 27, 2017. (Doc. 54). The parties proceeded in discovery on the remaining federal due process destruction of evidence claim (Count I), and the state law malicious prosecution, *respondeat* superior, and indemnification claims (Counts IV, V, and VI). After discovery closed on September 18, 2017, Defendants filed a Motion for Summary Judgment. On September 28, 2018, the Court ruled on the motion and set a trial date for April 15, 2019. (Doc. 77; Text Order 11/07/2018).

At no point did Plaintiff indicate he intended to seek reinstatement of his fabrication of evidence claim. Plaintiff waited until November 28, 2018, to ask this Court to reconsider the 2017 dismissal of his claim based upon the Seventh Circuit's January 23, 2018, opinion in *Hurt v. Wise*, 880 F.3d 831 (7th Cir. 2018), which Plaintiff argues represents a significant change and/or clarification of the law. When *Hurt* was decided, briefing on summary judgment was still ongoing. The Court did not rule on summary judgment until September 28, 2018, but Plaintiff failed to take any steps while the motion was pending to seek reconsideration. Plaintiff inexplicably waited ten months after *Hurt* to file his Motion to Reconsider. In addition to *Hurt*, Plaintiff relies on *Manuel* (issued in 2017) and *Patrick* (issued on July 17, 2018). But again, Plaintiff offers no explanation for waiting months after *Patrick* was issued before filing a Motion to Reconsider.

The Court finds that Plaintiff's delay in filing his Motion to Reconsider is inexcusable. The prejudice to Defendants is detailed in their Response to the Motion. (See Doc. 80, pp. 4-9). Reinstating the fabrication of evidence claim at this late stage would significantly prejudice Defendants. To fairly litigate Count II, the Court would need to reopen discovery and allow the parties to file subsequent dispositive motions. This would add more time to the resolution of this case, which is already more than four years old. As a result, this Court finds that Plaintiff's Motion to Reconsider is untimely and unfairly prejudices the Defendants.

## II. Plaintiff's Motion Based on *Hurt*, *Manuel*, and *Patrick* Lacks Merit.

Plaintiff's Motion also lacks merit. Motions to reconsider serve a limited function of correcting manifest errors of law or fact, presenting newly discovered evidence, or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). This is not the case here.

Based on *Hurt*, *Manuel*, and *Patrick*, Plaintiff argues this Court's prior Orders dismissing his claim should be vacated because the law does not require false police reports to be admitted at trial to establish a constitutional violation. (Doc. 78 at 3). Plaintiff also argues the allegedly fabricated evidence furthered the prosecution before and during trial even though the actual police reports were not admitted as exhibits at trial. *Id.* at 4. For instance, Plaintiff asserts Meeks approached an Assistant State's Attorney and advised the ASA of his version of the case. Meeks recommended a grand jury investigation based on his claim that the Coles told vastly different stories. As a result, Plaintiff claims Meeks furthered the prosecution. *Id.*

Defendants filed supplemental authority in support of their Response to Plaintiff's Motion to Reconsider. Defendants directed the Court's attention to *Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019), in which the Seventh Circuit overruled its prior decision in *Hurt v. Wise*, 880 F.3d 831 (7th Cir. 2018). In *Hurt*, the Seventh Circuit held that pretrial detention claims allegedly based upon fabricated evidence were to be analyzed under the due process clause of the Fourteenth Amendment. However, in *Lewis*, the Court overruled its previous decision and held a section 1983 claim for wrongful pretrial detention based on fabricated evidence rests exclusively on the Fourth Amendment. Defendants argue the Plaintiff can no longer rely on *Hurt* to challenge this Court's dismissal of his section 1983 fabrication of evidence claim.

Once a trial has occurred, the Fourth Amendment drops out, and a person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment. *Manuel*, 137 S. Ct. at 929, n. 8. "A police officer who manufactures false evidence against a criminal defendant violates due process *if that evidence is later used to deprive the defendant of her liberty* in some way." *Whitlock,* 682 F.3d at 580 (emphasis added). The italicized phrase is the key – to violate due process, the falsified evidence must have "involved not merely the fabrication, but the introduction of the fabricated evidence at the criminal defendant's trial. For if the evidence hadn't been used against the defendant, he would not have been harmed by it, and without a harm there is, as we noted earlier, no tort." *Fields v. Wharrie,* 740 F.3d 1107, 1114 (7th Cir.2014); *see also Saunders–El v. Rohde,* 778 F.3d 556, 560 (7th Cir. 2015) ("[A] police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way.") (internal quotation marks omitted).

*Whitlock* and *Fields*, which this Court relied upon as a basis for dismissing Count II, remain controlling law. (Doc. 54 at 7). Plaintiff contends *Patrick v. City of Chicago*, 2018 WL 3438942 (N.D. Ill. July 17, 2018), clarified the law and explained that after *Manuel* and *Hurt*, the "contention that the fabricated evidence must be used at trial in order to establish a constitutional violation is unpersuasive." *Id.* at *26. *Patrick*, an unpublished Northern District decision, only clarifies the holdings in *Manuel* and *Hurt*. The Court finds that *Hurt* – which has now been overruled by *Lewis* – *Manuel*, and *Patrick* have not created a change or clarification of the law that makes clear the Court's earlier ruling was erroneous. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006); *Bank of Waunakee*, 906 F.2d at 1191 (reconsideration may

be granted if there has been a controlling or significant change in the law since the submission of the issue to the court). Accordingly, Plaintiff's Motion to Reconsider is DENIED.

## **CONCLUSION**

For the reasons stated above, Plaintiff Steven Cole's Motion to Reconsider Dismissal of Count of Second Amended Complaint Alleging Fabrication of Evidence (Doc. 78) is DENIED.

ENTERED this 1st day of March 2019.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge