### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| STEVEN COLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   15-CV-01292 |
| | ) | |
| v. | ) | |
| | ) | Honorable Judge Michael M. Mihm |
| DETECTIVE SHAWN MEEKS and | ) | Magistrate Judge Tom Schanzle-Haskins |
| THE CITY OF PEORIA, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

### DEFENDANTS' MOTION TO BAR
### PLAINTIFF'S REBUTTAL WITNESS, DAVID MCCUBBINS

Defendants, by and through their undersigned attorneys, respectfully move this Honorable Court to preclude Plaintiff's rebuttal witness, David McCubbins. In support thereof, the Defendants state as follows:

### INTRODUCTION

Plaintiff indicated today that he seeks to call David McCubbins as a rebuttal witness. The sole reason proffered by Plaintiff during argument is that David McCubbins will impeach Karissa Miles's grand jury testimony by stating that the two had an intimate relationship. The testimony to date by both Mr. McCubbins and Ms. Miles demonstrate that the reason Plaintiff provided to the Court was pretextual and this is nothing more than a contrived attempt to smear Karissa Miles in front of the jury with irrelevant and prejudicial evidence. This reprehensible tactic should be rejected by this Court.

### ARGUMENT

Karissa Miles testified before the grand jury on February 10, 2009. (Miles's testimony is Defendants' Trial Ex. 1B.) When asked if Ms. Miles knew David McCubbins, Ms. Miles testified before the grand jury, "I do know him. I'm not friends with him. I know him." (Ex. 1B, p. 21:8-12.)

Ms. Miles was then asked whether Mr. McCubbins was "a pretty shady character?" In response, Ms. Miles stated, "Dave? I can't really I [sic] say. I don't know him enough. I don't know. I know he's all about himself but it's not uncommon." (Ex. 1B, p. 21:9-17.)

On cross examination today, counsel for Plaintiff asked Ms. Miles, "did you ever have sexual relations with David McCubbins at Janet and Steve Cole's home?" Ms. Miles responded, "no." Plaintiff now seeks to call Mr. McCubbins in rebuttal. During argument, Plaintiff's counsel argued that the basis for calling the rebuttal witness is that Mr. McCubbins will apparently testify that they did have sexual relations and therefore Ms. Miles lied to the grand jury. However, this is not the case. Ms. Miles said she knew him but was not friends with him. Whether they ever had sexual relations, though Ms. Miles denied it today, is not actually inconsistent with that testimony. Presumably, Mr. McCubbins, unless intending to admit to perjury, would agree. McCubbins testified that the information he provided Detective Meeks during the course of the 2009 investigation was truthful and that included the following, "David said he really doesn't know Karissa or M.A. very well and said he has probably seen her at his parents' no more than 6 times. He said he really doesn't know Karissa[.]" David McCubbins confirmed that Meeks's report accurately reflected what he told Meeks in his April 2017 deposition. (*See*, Deposition of David McCubbins at pp. 46:22-47:19.)

The rebuttal testimony is highly prejudicial and lacking any relevance. Karissa Miles denied having sexual relations with Mr. McCubbins. Plaintiff's attempt to haul in a witness to discredit that denial is not relevant to any issue being decided by this jury as none of this information was known to the grand jury or Detective Meeks prior to Plaintiff's 2009 indictment. This evidence should be barred under Fed.R.Evid. 402. Moreover, the lack of relevance reveals that Plaintiff's true purpose for seeking to call this witness is to shame Ms. Miles in front of the

jury and suggest she is a bad person, making it more likely that she caused the injury to her daughter rather than Plaintiff. Ms. Miles has already been subjected to enough humiliation by Plaintiff throughout these proceedings. Plaintiff's attempts to further shame her by trying to leave the impression that she had sexual relations with Mr. McCubbins, a relative of Plaintiff, is reprehensible. The introduction of this sideshow would no doubt confuse the jury and prejudice Defendant. The Court should thus also bar Mr. McCubbins's testimony pursuant to Fed.R.Evid. 403. *See also*, Fed.R.Evid. 608(b).

  WHEREFORE, for the foregoing reasons, Defendants request that the Court bar the testimony of rebuttal witness David McCubbins.

Dated: April 17, 2019            Respectfully submitted,

                   /s/ Laura M. Ranum
                   LAURA M. RANUM, Attorney No. 6300636
                   *One of the Attorneys for Defendants*

James G. Sotos
John J. Timbo
Laura M. Ranum
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, Illinois 60604
(630) 735-3300
lranum@jsotoslaw.com

## CERTIFICATE OF SERVICE

      I certify under penalty of perjury pursuant to 28 U.S.C.A.§ 1746 that the foregoing is true and correct, that on April 17, 2019, I electronically filed **Defendants' Motion to Bar Plaintiff's Rebuttal Witness, David McCubbins** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

*Attorney for Plaintiff:*
Kathleen T. Zellner
Kathleen T. Zellner & Associates
1901 Butterfield Road, Suite 650
Downers Grove, IL 60515
T: (630) 955-1212
F: (630) 955-1111
kathleen.zellner@gmail.com
ktzemployees@gmail.com

                                    Respectfully submitted,

                                    /s/ Laura M. Ranum
                                    LAURA M. RANUM, Attorney No. 6300636
                                    *One of the Attorneys for Defendants*

James G. Sotos
John J. Timbo
Laura M. Ranum
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, Illinois 60604
(630) 735-3300
lranum@jsotoslaw.com