## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| STEVEN COLE, | ) |
| Plaintiff, | ) |
| v. | ) No. 15-cv-1292 |
| DETECTIVE SHAWN MEEKS and THE CITY OF PEORIA, | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants Shawn Meeks and City of Peoria, Illinois' (City) Motion for Bill of Costs (d/e 165) (Motion). For the reasons set forth below, this Court recommends that the Motion should be ALLOWED in part.

### BACKGROUND

Plaintiff Steven Cole brought this action against Meeks and the City alleging claims for violation of his rights to due process and for malicious prosecution in connection with Cole's arrest and convictions for predatory criminal sexual assault of a child and aggravated battery of a child. The convictions were subsequently overturned on appeal. See Opinion entered September 28, 2018 (d/e 77) (Opinion 77), at 4-5; see generally Second

Amended Complaint (d/e 48). The Court granted summary judgment in favor of Defendants on the due process claim but denied summary judgment on the state law malicious prosecution claim and related claims for indemnification and respondeat superior liability. Opinion 77, at 20. On April 15, 2019, trial commenced on the malicious prosecution claim. On April 18, 2019, a jury found in favor of the Defendants. Minute Entry entered April 18, 2019; Jury Verdict Form (d/e 152). The Court entered judgment on April 23, 2019. Judgment in a Civil Case (d/e 155).

The Defendants have filed a bill of costs in the sum of $20,554.48. Motion, Exhibit 1, Bill of Costs. Generally, the Court awards costs to the prevailing party. Fed. R. Civ. P. 54(d)(1). Rule 54 creates a presumption in favor of awarding costs. The Court has discretion is awarding costs, but that discretion is "narrowly confined – the court must award costs unless it states good reasons for denying them." Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). Generally, two reasons justify denying costs: (1) misconduct by the prevailing party worth of a penalty; or (2) the losing party's inability to pay. Id. .

Plaintiff Cole asks the Court to exercise its discretion to deny the Defendants' their costs because of his inability to pay. Cole does not allege any misconduct by the prevailing Defendants that would merit

denying costs. To invoke this Court's discretion, Cole has the burden to overcome the presumption in favor of awarding costs. Cole must demonstrate that he is unable to pay the costs now or in the future. Rivera v. City of Chicago, 469 F.3d 631, 635 (7th Cir. 2006). In exercising discretion, the Court must also "consider the amount of the costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." Id.

In this case, Cole fails to demonstrate that he is unable to pay the costs now or in the future. Cole is 65 years old and retired with a monthly income of $3,325.00 and monthly expenses of $2,490.00. He has $19,200.00 in current debts and $775 in assets. Opposition to Bill of Costs (d/e 167), at 4 and Exhibit A, Affidavit of Steven Cole, at 3-4. Meeks and the City are willing to accept monthly payments of $100. Defendants' Reply in Support of Defendants' Motion for Costs (d/e 169) (Reply), at 2. As discussed below, this Court recommends allowing costs in the sum of $19,049.95. If no interest accrued, Cole could pay off such allowed costs in approximately 16 years if he agrees to the Defendants' payment plan of $100 per month. Cole would likely be required to make payments for much of the rest of his life. The 16 years of payments, however, is reasonably possible, especially if interest does not accrue on the costs. The

presumption in favor of awarding costs is strong, and Court's discretion to deny costs is narrow and only to be used when the losing party demonstrates that he cannot pay now or in the future. Rivera, 469 F.3d at 635. In light of these principles, the Court recommends a finding that Cole has failed to demonstrate that he could not pay the costs off in the future if the award of costs does not accrue interest.

In determining whether to deny an award of costs, the Court must also consider the amount of the costs, the good faith of the losing party, and the closeness and difficulty of the issues raised. Riviera, 469 F.3d at 635. Here, costs allowed of $19,049.95 are significant, but Cole does not dispute the reasonableness of this amount, and this amount is not out of reason for a case considering both the costs associated with the summary judgment motion and the jury trial. As to the second discretionary factor, the Court finds that Cole acted in good faith. He was imprisoned in error. See Opinion 77, at 4-5. He clearly suffered injuries and sought recourse for that harm. The issues raised by the claims were not overly complex or novel. Cole claimed Meeks wrongfully failed to preserve exculpatory evidence in violation of Cole's due process rights, and intentionally lied to the grand jury to secure a wrongful indictment and prosecution of Cole. See Opinion 77, at 7-17. Cole failed to present evidence at summary

judgment to demonstrate an issue of fact on the due process claim.  The second claim turned on Meeks' intent.  The District Court stated, however, that the pretrial motions and motions in limine presented "some very interesting legal issues."  Transcript of Proceedings on April 10, 2019 (d/e 146), at 3.  Given Cole's ability to pay the costs in the future, the Court sees nothing special in the discretionary factors set forth in Rivera that indicate that the Court should exercise discretion and decline to award costs at all.  The Court recommends that the District Court should exercise its discretion to order that the award of costs should not accrue interest, but otherwise should reject Cole's request to deny Defendants' an award of costs incurred defending themselves from claims that Cole failed to prove.

     Cole also challenges the reasonableness of the amount of costs sought by Defendants.  Cole asks the Court to reduce the award for transcripts necessarily obtained for use in the case from $14,863.05 to $13,620.00, and witness fees from $942.48 to $680.00.  Plaintiff's Objections in Opposition to Defendants' Motion for Bill of Costs (d/e 167), at 8-12.  With these adjustments the Bill of Cost would be reduced to $19,049.95.  Defendants accept these adjustments to the Bill of Costs. Reply, at 1 n.1.  The Court further finds that these costs sought are authorized by statute and are reasonable considering the work required for

this case.  The Court recommends that costs be taxed in the amount of $19,049.95.

THEREFORE, IT IS RECOMMENDED that Defendants Shawn Meeks and City of Peoria, Illinois' (City) Motion for Bill of Costs (d/e 165) should be ALLOWED in part, this Court should tax costs in favor of Defendants in the amount of $19,049.95, and order that the award of costs shall not accrue post-judgment interest.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   June 20, 2019

                                   s/ *Tom Schanzle-Haskins*
                                TOM SCHANZLE-HASKINS
                                UNITED STATES MAGISTRATE JUDGE